UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1315

HILB ROGAL & HOBBS COMPANY,

Plaintiff - Appellant,

versus

RISK STRATEGY PARTNERS, INCORPORATED, now
known as Beecher Carlson Holdings,
Incorporated; BEECHER CARLSON HOLDINGS,
INCORPORATED, formerly known as Risk Strategy
Partners, Incorporated; BEECHER CARLSON RISK
MANAGEMENT, INCORPORATED; BEECHER CARLSON
INSURANCE SERVICES, INCORPORATED,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, District
Judge.  (3:05-cv-00355-REP)

Argued:  February 1, 2007        Decided:  April 24, 2007

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Samuel Walter Hixon, III, WILLIAMS MULLEN, Richmond,
Virginia, for Appellant.  Benjamin Alexander Stone, MUNGER & STONE,
L.L.P., Atlanta, Georgia, for Appellees.  **ON BRIEF:** Steven D.
Brown, E. Livingston B. Haskell, WILLIAMS MULLEN, Richmond,
Virginia, for Appellant.  Bernard J. DiMuro, DIMURO, GINSBERG,
P.C., Alexandria, Virginia; Warren R. Hall, Jr., ALSTON & BIRD,

Atlanta, Georgia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hilb Rogal & Hobbs Company ("Hilb Rogal") brought this suit against Risk Strategy Partners, Inc.; Beecher Carlson Holdings, Inc.; Beecher Carlson Risk Management, Inc.; and Beecher Carlson Insurance Services, Inc. ("Defendants"), alleging, inter alia, a breach of Virginia's business conspiracy statute, Va. Code § 18.2-499 et seq.[*] Shortly before trial, Defendants filed a motion in limine seeking a ruling that, under Virginia's doctrine of lex loci delicti, Georgia law governs Hilb Rogal's claim. Initially, Hilb Rogal agreed that lex loci delicti governs but argued that it requires the application of Virginia law. The district court held that Georgia law governs Hilb Rogal's claim. Hilb Rogal then filed a motion to reconsider in which it argued that lex loci delicti does not, after all, apply and that the relevant inquiry is whether its claim is governed by Virginia law pursuant to the doctrine of legislative jurisdiction. Holding that Hilb Rogal had wholly misconstrued the doctrine of legislative jurisdiction, the district court declined to reverse its prior ruling. Further, the district court noted that both parties agreed that Hilb Rogal's claim would fail under Georgia law; therefore, it granted summary judgment in favor of Defendants. Hilb Rogal now appeals.

---

[*]Counts I, II, and IV of the Complaint, setting forth the remaining claims, were dismissed without prejudice and are not at issue on this appeal.

"We review the district court's order granting summary judgment de novo, viewing the facts in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

In determining which state's law governs Hilb Rogal's claim, the district court noted that Virginia's version of lex loci delicti provides for the application of "the law of the state in which the wrongful act took place, wherever the effects of that act are felt." J.A. 1339-40 (quoting Milton v. IIT Research Institute, 138 F.3d 519, 522 (4th Cir. 1998)). The court further noted that Virginia's business conspiracy statute requires that a plaintiff show that (1) two or more persons combine, associate, agree, or mutually undertake together, to (2) willfully and maliciously injure the plaintiff in his reputation, trade, business, or

profession, and (3) that the conspiratorial actions of the defendants cause the plaintiff to suffer damages. J.A. 1340 (citing Va. Code. § 18.2-499). The court then held that, under this statute, both the wrong alleged by Hilb Rogal and the first causally related injury occurred in Georgia. Therefore, Georgia law would govern Hilb Rogal's claim.

Next, in rejecting Hilb Rogal's motion to reconsider, the district court found that the doctrine of legislative jurisdiction has no bearing on the choice-of-law analysis contained in its earlier ruling. Rather, it noted that legislative jurisdiction governs constitutional challenges to state choice-of-law rules. Thus, because Hilb Rogal had advanced no constitutional challenge to the application of Virginia's choice-of-law rules, the court concluded that those rules must be applied to determine which state's substantive law would govern. As those rules lead to the result the district court had already reached -- that Georgia's substantive law applied -- the court did not alter or amend its prior ruling.

After reviewing the record, we conclude that the district court did not err. Accordingly, we affirm for the reasons stated by the district court. Hilb Rogal & Hobbs Co. v. Risk Strategy Partners, Inc., No. 3:05-cv-355-REP (E.D. Va. Feb. 10, 2006).

AFFIRMED

5